IN THE MATTER OF:
Sheldon M. Korn,

    Debtor.

_____/

Lawrence Lenchner; Harbor Building Company, LLC; Northern Grading, Excavating & Septic, LLC; Abington Development, Inc.; Bridgestone Development, LLC; and Clarita Commons Development, LLC

    Plaintiffs,

v.

Sheldon M. Korn,

    Defendant.

_____/

Bankruptcy Case No. 14-41173
Chapter 7
Hon. Thomas J. Tucker

Adv. Pro. No. 14-04408-tjt

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Sheldon M. Korn submits the following brief in opposition to Plaintiffs' Motion For Partial Summary Judgment (Docket No. 27, the "Motion"):

### INTRODUCTION

On April 24, 2014, Plaintiffs filed a complaint (the "Complaint"), seeking to have Defendant denied a discharge and seeking to except from discharge a Judgment (the "Judgment") entered in 2006 against Defendant in a state court proceeding. In the Motion, Plaintiff's argue that the doctrine of collateral estoppel requires entry of judgment on their §523 claims. As discussed below, the Motion should be denied.

# FACTUAL BACKGROUND

In 1995, Defendant and his wife, Gale Korn ("Gale"), went into business with Defendant's brother-in-law, Plaintiff Lawrence Lenchner ("Lenchner"). Between 1995 and 2002 Lenchner and the Korns formed and operated the business entity Plaintiffs.

In 2003, the Korn Family Limited Partnership, Defendant, Gale, and their daughters, Shauna and Ashley, who had worked for the businesses, filed suit against Lenchner and the entity Plaintiffs in Charlevoix County Circuit Court. Lenchner and the entity Plaintiffs filed a counterclaim (the "Counterclaim"). The following claims set forth in the Counterclaim were tried by a jury: (1) Fraud and Misrepresentation; (2) Silent Fraud; (3) Unjust Enrichment; (4) Breach of Fiduciary Duty; (5) Promissory Estoppel; and (6) Innocent Misrepresentation. Damages were awarded on claims 1-4.

The Charlevoix Circuit Court Judge instructed the jury as follows with respect to the claim for Fraud and Misrepresentation:[1]

> "Each plaintiff and counter-plaintiff claims that a defendant or counter-defendant defrauded the plaintiff or counter-plaintiff. To establish fraud, plaintiffs and counter-plaintiffs have the burden of proving each of the following elements by clear and convincing evidence:
>
> A. The defendant or counter-defendant made a representation of a material fact.
>
> B. The representation was false when it was made.
>
> C. The defendant or counter-defendant knew the representation was false when it was made or that it was made recklessly, that is, without knowing whether it was true.
>
> D. The defendant or counter-defendant made the representation with the intent that the plaintiff or counter-plaintiff would rely on it.
>
> E. The plaintiff or counter-plaintiff **did rely** on the representation, and;
>
> F. That the plaintiff or counter-plaintiff was damaged as a result of its reliance.
>
> Your verdict will be for a plaintiff or counter-plaintiff on a claim of fraud if you decide that that plaintiff or counter-plaintiff has proved each of these elements by clear and convincing evidence. . . .

---

[1] The transcript (the "Trial Transcript") containing the instructions given to jury at the trial is attached at Exhibit 1.

**Reliance. When I use the word relied, I mean the plaintiff or counter-plaintiff would not have entered into the agreement or continued the agreement if defendant or counter-defendant had not made the representation or promises, even if the representation or promises was not the only reason for the plaintiff or counter-plaintiff's action."**
(Trial Transcript, Exhibit 1, pgs. 77-80, <u>emphasis added</u>).

The jury was instructed as follows with respect to the claim for Silent Fraud:

"Each plaintiff and counter-plaintiff claims that a defendant or counter-defendant defrauded that plaintiff or counter-plaintiff by failing to disclose material facts. To establish this, each plaintiff and counter-plaintiff has the burden of proving each of the following evidence (sic) by clear and convincing evidence:

A. That the defendant or counter-defendant failed to disclose a material fact.

B. The defendant or counter-defendant had actual knowledge of the fact.

C. The defendant's or counter-defendant's failure to disclose the fact caused the plaintiff or counter-plaintiffs to have a false impression.

D. When the defendant or counter-defendant failed to disclose the fact, that defendant or counter-plaintiffs knew the failure would create a false impression.

E. When the defendant or counter-defendant failed to disclose the fact, that defendant or counter-defendant intended that the plaintiff or counter-plaintiff rely on the resulting false impression.

F. That the plaintiff or counter-plaintiff **relied** on the false impression, and;

G. That the plaintiff or counter-plaintiff was damaged as a result of such reliance.

Your verdict will be for a plaintiff or counter-plaintiff on a claim of fraud if you decide that the plaintiff or counter-plaintiff has proved each of these elements by clear and convincing evidence."
(Trial Transcript, Exhibit 1, pgs. 78-79 <u>emphasis added</u>).

The jury was instructed as follows with respect to the claim for Unjust Enrichment:

"The counter-plaintiffs claim that the counter-defendants were unjustly enriched in obtaining money from the counter-plaintiffs. To establish a claim of unjust enrichment, the counter-plaintiffs must prove:

1. Receipt of a benefit by the counter-defendants from the counter-plaintiffs, and;

2. An inequity to the counter-plaintiffs resulting because of the retention of the benefit by the counter-defendants.

-3-

When unjustment -- when unjust enrichment exists, the law operates to imply a contract in order to prevent the unjust enrichment. However, if you find that an actual express contract was entered into by the parties covering the same subject matter, you may not allow the counter-plaintiffs to recover under the theory of unjust enrichment."
(Trial Transcript, Exhibit 1, p. 84).

Finally, the jury was instructed as follows with respect to the claim for Breach of Fiduciary Duty:

"When I use the word fiduciary duty, I mean **any of the following**:

1. Defendants and counter-defendants had an obligation or duty to act with the utmost good faith and integrity in their dealings with the plaintiffs or counter-plaintiffs in their partnership relationship.

2. Defendants and counter-defendants had an obligation or duty to disclose all known information that is significant and material to the affairs or property of the partnership relationship, **or**;

3. Defendants and counter-defendants had an obligation or duty to account to the partnership for any benefit and hold as trustee for it any profits derived by them without the consent of the plaintiffs and counter-plaintiffs or the other partners from any transaction connected with the conduct of the partnership or from any use by themselves of partnership property."
(Trial Transcript, Exhibit 1, pg. 88 emphasis added).

The jury found that with respect to Plaintiffs' Fraud and Misrepresentation claim: (1) The Korn Family Limited Partnership **and/or** Sheldon Korn **and/or** Gale Korn **and/or** Shauna Korn **and/or** Ashley Korn, committed an act or acts of fraud and misrepresentation against Plaintiffs; and (2) the total amount of damages arising out of such claim was $250,000. The jury granted Plaintiffs' Silent Fraud claim finding: (1) The Korn Family Limited Partnership **and/or** Sheldon Korn **and/or** Gale Korn **and/or** Shauna Korn **and/or** Ashley Korn committed silent fraud against Plaintiffs; and (2) Plaintiffs' total amount of damages arising out of such claim was $1,070,000. The jury granted Plaintiffs' Unjust Enrichment claim finding: (1) The Korn Family Limited Partnership **and/or** Sheldon Korn **and/or** Gale Korn **and/or** Shauna Korn **and/or** Ashley Korn, **either together or any one of them individually**, were unjustly enriched in obtaining money from Plaintiffs; and (2) the total amount of damages arising out of such claim was $175,000. The jury found that with respect to Plaintiffs' Breach of Fiduciary Duty claim:

(1) Defendant **and/or** Gale owed a fiduciary duty to Plaintiffs; (2) Defendant **and/or** Gale breached **his/her/their** fiduciary duty to Plaintiffs; and (3) the total amount of damages arising out of such claim was $250,000. See the Trial Transcript, Exhibit 1, at pages 100-102 and the Verdict Forms attached at Exhibit 2.

On July 28, 2006, the Charlevoix Circuit Court entered judgment in favor of Plaintiffs and awarded Plaintiffs damages against The Korn Family Limited Partnership **and/or** Sheldon Korn **and/or** Gale Korn **and/or** Shauna Korn **and/or** Ashley Korn in the amount of $1,745,000, and awarded Plaintiffs damages against Defendant **and/or** Gale Korn in the amount of $250,000. The Judgment is attached at Exhibit 3.

## STANDARD OF REVIEW

Fed. R. Civ. P. 56(a) applicable to bankruptcy adversary proceedings under Fed. R. Bankr. P. 7056, provides that a motion for summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

> The moving party has the initial burden of proving that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law...If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by [the trier of fact]. **In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.** [McCallum v. Pixley (In re Pixley), 456 B.R. 770, 774-775 (Bankr. E.D. Mich. 2011) (hereinafter "**Pixley I**"), citing Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149-150 (6th Cir. 1995) (emphasis added)].

A party seeking to except a debt from dischargeability has the burden of proving that the debt falls within one of the statutory exceptions, and must prove each element of the claim by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 112 L. Ed. 2d 755, 111 S. Ct. 654 (1991) and Rembert v. AT & T Universal Card Services, Inc. (In re Rembert), 141 F3d 277, 281 (6th Cir. 1998). Further, the Court must narrowly construe exceptions to discharge against the creditor and in

favor of the debtor. Gleason v. Thaw, 236 U.S. 558, 59 L Ed. 717, 35 S. Ct. 287 (1915). See also, Rembert, supra, and Willens v. Bones (In re Bones), 395 B.R. 407, 429 (Bankr. E. D. Mich. 2008).

## ARGUMENT

I. **The Elements Necessary To Prove Plaintiffs' Non-Discharge Claims Were Not Actually Litigated And Necessarily Determined**

In McCallum v. Pixley (In re Pixley), 504 B.R. 852, 856-858 (Bankr. E.D. Mich. 2014) (hereinafter "**Pixley II**"), this Court discussed the general principles of the doctrine of collateral estoppel and stated:

> Under Michigan law, the following requirements must be met in order for collateral estoppel to apply:
> 1) There is identity of parties across the proceedings;
> 2) There was a valid, final judgment in the first proceeding;
> 3) The **same issue was actually litigated and necessarily determined** in the first proceeding, and
> 4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. ...
>
> ... this Court discussed the "actually litigated" and "necessarily determined" requirements under Michigan law, and what those requirements mean:
>
> Under Michigan law, an issue is "actually litigated" if it is "put into issue by the pleadings, **submitted to the trier of fact for determination, and is thereafter determined**."

In People v. Gates, 434 Mich. 146, 158, 452 N.W. 2d 627, 630 (1990), the Michigan Supreme Court stated "An issue is **necessarily determined** only if it 'essential' to the judgment." The Gates Court further stated:

> The inability of a court to determine upon what basis an acquitting jury reached its verdict is, by itself, enough to preclude the defense of collateral estoppel (omitted citation). **Collateral estoppel applies only where the basis of the prior judgment can be ascertained clearly, definitely and unequivocally**. Id., p. 631 (emphasis added).

Accordingly, collateral estoppel will not apply to the non-discharge claims here if either: (a) **all elements necessary to prove the exception from discharge** were not **actually litigated** or were not **necessarily determined**; (b) this Court **cannot determine upon what basis** the jury in Charlevoix

-6-

County reached its verdict with respect a particular claim at issue; or (c) **the basis of that portion of the Judgment relative to the exception from discharge cannot be ascertained clearly, definitely and unequivocally**. As discussed below, collateral estoppel does not apply to any of Plaintiffs' alleged exceptions from discharge.

## II. Counts IV – VI: 11 U.S.C. Section 523(a)(2)(A)

### A. The Jury Did Not Determine There Was Justifiable Reliance By The Plaintiffs

Approximately five and one-half years ago, this Court decided similar motions for summary judgment in connection with similar non-dischargeability actions brought by the very same creditors against Defendant's two daughters, Shauna and Ashley. In those two adversary proceedings, this Court denied the motions for summary judgment for the reasons set forth in the Court's February 11, 2009 bench opinion (the "Opinion"). A copy of the Opinion is attached at Exhibit 4.

As discussed in the Opinion, this Court held that: (a) as discussed in Rembert, supra, "justifiable reliance" is an element of a §523(a)(2)(A) claim; (b) "justifiable reliance" was not an element of a cause of action for fraud under Michigan common law (See Opinion, Exhibit 4, pg. 8, lines 21-23); and (c) as a result, "justifiable reliance" was not something actually litigated or necessarily determined in the state court action. As a result, this Court denied the motions for summary judgment on the §523(a)(2)(A) claims. (See Opinion, Exhibit 4, pg. 13, lines 1-3). In addition, this Court made it clear that there were "substantial other issues" which might have also resulted in the denial of the summary judgment motions on the §523(a)(2)(A) claims, which this Court did not need to decide because of this Court's determination that "justifiable reliance" was not actually litigated or necessarily determined.[2]

---

[2] Such additional "substantial other issues" included, but were not limited to: (1) whether the jury verdict forms on the actual fraud claims precluded a determination that the jury had determined whether any one of the five Defendants had committed acts of fraud or misrepresentation or silent fraud (See Opinion, Exhibit 4, pgs. 13-16); and (2) whether in a §523(a)(2)(A) claim, the plaintiff is entitled to a determination of non-dischargeability only to the extent that the debtor is shown to have received money, property, services, or an extension, renewal, or refinancing of credit for himself or herself from the fraud (See Opinion, Exhibit 4, pgs. 16-17).

In reaching its decision, this Court relied on the case of Willens v. Bones *(In re Bones)*, 395 B.R. 407, 429-430 (Bankr. E.D. Mich. 2008). In Bones, this Court stated:

> Exceptions to discharge, including the exceptions under *§523(a)(2)*, "are to be strictly construed against the creditor." *Rembert v. AT&T Universal Card Service, Inc. (In re Rembert), 141 F.3d 277, 281 (6th Cir. 1998)* (citing *Manufacturer's Hanover Trust v. Ward (In re Ward), 857 F.2d 1082, 1083 (6th Cir. 1988))*. The creditor must prove each of the elements under *§523(a)(2)(A) or (B)* by a preponderance of the evidence. Id. *(citing Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991))*.
>
> The Sixth Circuit had described the elements of nondischargeability under *§ 523(a)(2)(A)* in this way:
>
>> In order to except a debt from a discharge under *§ 523(a)(2)(A)*, a creditor must prove the following elements; (1) the debtor obtained money through a material misrepresentation that, at the time the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Id. at 280-81* (citation omitted).

In the Charlevoix Circuit Court trial Plaintiffs did not have to prove these four elements in regards to their Fraud and Misrepresentation claim. Rather, as set forth in the jury instructions, Plaintiffs had to prove: (1) the defendant made a representation of a material fact; (2) the representation was false when it was made; (3) the defendant knew the representation was false when it was made or that it was made recklessly, that is, without knowing whether it was true; (4) the defendant made the representation with the intent that Plaintiffs would rely on it; (5) Plaintiffs did rely on the representation; and (6) Plaintiffs were damaged as a result of their reliance. Thus, Plaintiffs were not required to prove that Defendant obtained any money through a material misrepresentation (see section C. below) or that Plaintiffs "justifiably" relied on the false representation. In fact, the Charlevoix Circuit Court was clear about what needed to be found in terms of reliance: "When I use the word relied, I mean the plaintiff or counter-plaintiff would not have entered into the agreement or continued the agreement if defendant or counter-defendant had not made the representation or promises, even if the representation or promises was not the only reason for the plaintiff or counter-plaintiff's action." Without doubt, this instruction

-8-

does not contain any requirement of justifiability or reasonableness. Accordingly, without any further analysis, it is clear that this Court cannot determine that the jury found the existence of reasonable or justifiable reliance when it reached its verdict on the Fraud and Misrepresentation claim.

Defendant recognizes that two and one-half years after issuing the Opinion, this Court issued its opinion in Pixley I. While first noting that: "[u]nder Michigan law, the necessity of proving justifiable or reasonable reliance to establish fraud has not been so clear," this Court concluded that "under Michigan law, fraud requires proof of actual reliance that is 'reasonable'" and, therefore, determined that "establishing the elements of fraud under Michigan law also establishes the elements of fraud under §523(a)(2)(A)." Id. at p. 779-780, and 782. This Court reached this conclusion based upon the Michigan Supreme Court's ruling in Cooper v. Auto Club Ins. Ass'n, 481 Mich. 399, 751 N.W.2d 443, 451-52 (Mich. 2008). However, in May of 2006, when the Charlevoix Circuit Court issued its jury instructions, the Circuit Court did not have the benefit of the Cooper Court's analysis and thus, did not require any determination of reasonable or justifiable reliance.

In any event, the Pixley I decision did not involve a prior trial with jury instructions, but dealt with an underlying state court default judgment. This Court denied the plaintiff's summary judgment motion because in the state court complaint, the plaintiff only alleged reliance — not reasonable or justifiable reliance, and because the plaintiff had not alleged that the underlying misrepresentation was a "material" representation. It is notable that this Court observed that the assertion of a "material" misrepresentation **might** constitute the basis for finding that the reliance was reasonable (without specifically alleging reasonable reliance). Even though this Court did not make such ruling and did not need to do so because neither reasonable reliance nor a material misrepresentation were alleged in the complaint, Defendant believes that the finding of a material misrepresentation cannot substitute for a finding that actual reliance was reasonable or justifiable. They are simply different issues and elements.

The following is illustrative of the issue: a homeless 22 year old man with no assets walks into a bank, meets with a loan officer, tells the loan officer that he has a million dollars in assets, and asks for a $100,000 loan. The loan officer actually relies upon the man's representation, the bank makes the loan, and the man does not repay the loan. If Michigan law in fact requires a finding of "reasonable reliance" in order to prove a claim for fraud, in such example the bank should lose the fraud claim because there is clearly not "reasonable reliance" by the bank, even though the misrepresentation (i.e., that the homeless man had a million dollars in assets) was clearly a material misrepresentation. Thus, the "materiality" element cannot substitute for the reasonable or justifiable reliance element.[3]

In our case, unlike in Pixley I, which involved a default judgment, in order to determine what was actually litigated and necessarily determined, the key is to look at the jury instructions - because those instructions reflect what was "submitted to the trier of fact for determination" and to discern what was "thereafter determined." As set forth above, on the issue of reliance, **the instructions to the jury were clear – the jury only needed to find that "Plaintiffs did rely on the representation**." The jury did not have to find "reasonable" or "justifiable" reliance.

As such, and as this Court found in connection with the summary judgment motions against Shauna and Ashley, it is impossible to say that the parties actually litigated or that the jury necessarily determined that there was justifiable reliance. Accordingly, this Court should deny Plaintiffs' summary judgment motion on their §523(a)(2)(A) claim in this action.

---

[3] By the time this Court issued the Pixley II decision, it seems clear that this Court determined that the material misrepresentation and reasonable or justifiable reliance requirements were two separate and distinct requirements and that the materiality element could not substitute for the reasonable or justifiable reliance element. See Pixley II at 504 B.R. at 858, where this Court, discussing its decision in Pixley I, stated: "Fifth, the Court ruled that **two of the necessary elements** of McCallum's §523(a)(2)(A) nondischargeability claim were *not* "actually litigated" in the state court default judgment, because they were not pled in McCallum's state court compliant. These are the elements that (1) an alleged misrepresentation by Pixley was "material"; and (2) that McCallum's actual reliance on an alleged misrepresentation was "justifiable.""

14-04408-tjt    Doc 37    Filed 10/20/14    Entered 10/20/14 14:42:36

## B. The Jury Verdict Forms Use of The Words "And/Or" Makes It Impossible To Determine Who The Jury Found Responsible For Plaintiffs' Claims

Equally as important, the use of the words **and/or** throughout the jury verdict forms and the Judgment makes it is impossible for this Court to determine upon what basis the jury reached its verdict with respect to Plaintiffs' Fraud and Misrepresentation claim, or to ascertain clearly, definitely and unequivocally the basis of that portion of the Judgment relative to Plaintiffs' Fraud and Misrepresentation claim. After all, for example, the jury would have answered YES on the Fraud and Misrepresentation Form of Verdict if only The Korn Family Limited Partnership committed an act or acts of fraud and misrepresentation against Plaintiffs.

In Williams v. Zachary (In re Zachary), 147 B.R. 881 (Bankr. N.D. Tex. 1992), the court refused to apply collateral estoppel under the exact same circumstances. In Zachary, the plaintiff obtained a joint and several judgment in a state court fraud action against the debtors, husband and wife. The verdict form on which the judgment was based asked the jury if it found that "Lamon Zachary, Jr. **and/or** Barbara Zachary made one or more fraudulent representations which were a proximate cause of damages to [plaintiff]." Id. at p. 886 (emphasis added). In a subsequent non-discharge action brought against the husband and wife in their bankruptcy proceedings, the bankruptcy court refused to apply collateral estoppel because the usage of "and/or" on the verdict form created a "critical problem." Id. at p. 884. The court reasoned, "[f]rom the jury verdict, **it is impossible to determine** that both Mr. and Mrs. Zachary actually made a fraudulent representation or committed fraud, or **which one of them** actually made a fraudulent representation or committed fraud." Id. (emphasis added). In the Zachary case, the husband and wife debtors were also the only two parties against whom the state court judgment was entered. Here, the Fraud and Misrepresentation verdict was against five parties (Defendant and/or The Korn Family Limited Partnership and/or Gale and/or Shauna and/or Ashley). Because the "and/or" language prohibits collateral estoppel when a judgment is against two parties, it certainly also prohibits

-11-

the application of collateral estoppel when the judgment is against five parties. As such, the use of "and/or" in the jury verdict form and in the Judgment requires that Plaintiffs' request for summary judgment on the §523(a)(2)(A) claim be denied.[4]

### C. There Has Been No Determination That Defendant Personally Benefitted From Any Purported Fraud Or Misrepresentations To Plaintiff

A plaintiff in a Michigan state court action for fraud need not show that the defendant obtained money or property through a material misrepresentation; however, such is required in a §523(a)(2)(A) claim. Plaintiffs would have this Court read §523(a)(2)(A) as excepting any debt for "fraud." However, §523(a)(2)(A) requires the debt be for money, property, or services, to the extent obtained by actual fraud. The only provision excepting a debt for "fraud" in §523 is subsection (a)(4). But that subsection requires the fraud to have occurred while the debtor was acting in a fiduciary capacity. Given this structure, there is no doubt that Congress intended §523(a)(2)(A) to apply to debts incurred in the procurement of money or property by fraud. If §523(a)(2)(A) is read as excepting any debt for "fraud," then such a reading would render subsection (a)(4) meaningless. As indicated previously herein, this was one of the substantial other issues which this Court did not decide in connection with the summary judgment motions against Shauna and Ashley.

In In re Ward, 115 B.R. 532, 538 (W.D. Mich. 1990), the U. S. District Court for the Western District of Michigan discussed whether "a benefit is required in order to block discharge under 11 U.S.C. §523(a)(2)(A)," and indicated that the case law was in conflict. Citing a Colorado bankruptcy decision, In re Wade, 43 B.R. 976 (Bankr. D. Colo. 1984), the Ward court held that §523(a)(2)(A) **requires proof of a benefit to the debtor**, and further noted "[o]n this issue, as in general, the court

---

[4] For the same reason, this Court cannot determine that **any elements** of any of the non-discharge claims were determined by the jury with respect to Defendant.

must narrowly construe exceptions to discharge against the creditor and in favor of the debtor."[5] The jury in the Charlevoix Circuit Court case did not clearly, definitely and unequivocally determine that Defendant personally obtained money, property, or services on account of any misrepresentation and, if so, to what extent. Accordingly, for this additional reason, summary judgment on Plaintiffs' claims under §523(a)(2)(A) is not appropriate.[6]

### D. Collateral Estoppel Is Also Not Applicable To The Silent Fraud Verdict

In Bones, this Court stated that: "A 'failure to disclose can amount to misrepresentation. A condition to invocation of the doctrine, however, is that there be a duty to make disclosure.' *Rowe v. Steinberg (In re Steinberg), 270 B.R. 831, 835 (Bankr. E.D. Mich. 2001)."* Id., p. 429. The jury instruction regarding the claim of Silent Fraud required Plaintiffs to prove that: (1) the defendant failed to disclose a material fact; (2) the defendant had actual knowledge of the fact; (3) the defendant's failure to disclose the fact caused the plaintiffs to have a false impression; (4) when the defendant failed to disclose the fact, that defendant knew the failure would create a false impression; (5) when the defendant failed to disclose the fact, that defendant intended that the plaintiff rely on the resulting false impression; (6) the plaintiff relied on the false impression, and (7) the plaintiff was damaged as a result of such reliance.

Collateral estoppel in regards to Silent Fraud is not applicable for the reasons discussed above with respect to the Fraud and Misrepresentation claim: no reasonable or justifiable reliance was required to be proved on the Silent Fraud claim; Plaintiffs were not required to prove that Defendant obtained money, property, or services on account of the Silent Fraud claim; and The Korn Family Limited

---

[5] See also, Butler v. Clark (In re Clark), 202 B. R. 243, 252-253 (Bankr. W. D. Mich. 1996).

[6] Defendant would also point out that there is a geninue issue of fact as to how much is owed to the Plaintiffs on account of their Fraud and Misrepresentation claim. As evidenced from the emails and accountings attached at Exhibit 5, significant amounts have been paid on the Judgment by the Korn Family Limited Partnership, and additional amounts have likely been paid subsequent to the time of the accountings.

Partnership **and/or** Sheldon Korn **and/or** Gale Korn **and/or** Shauna Korn **and/or** Ashley Korn were found to have committed Silent Fraud against Plaintiffs. This makes it impossible for this Court to determine upon what basis the jury reached its verdict with respect to the Silent Fraud claim, to determine that all elements of a §523(a)(2)(A) claim were satisfied, or to ascertain clearly, definitely and unequivocally the basis of that portion of the Judgment relative to the Silent Fraud claim. In addition, the jury instruction does not contain the element that "there be a duty to make disclosure." Because the jury never found that there was a duty to make disclosure, the Silent Fraud claim cannot be the subject of collateral estoppel. For all of the forgoing reasons, to the extent that summary judgment is being requested on the §523(a)(2)(A) claim because of the verdict on the state court Silent Fraud claim, it must be denied.

## II. Count VII: 11 U.S.C. Section 523(a)(4)

Bankruptcy Code §523(a)(4) provides for an exception to discharge for debts incurred by an individual debtor "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Count VII of Plaintiffs' Complaint alleges that the debt owed by Defendant to Plaintiffs is "for fraud or defalcation while acting in a fiduciary capacity."[7]

The Sixth Circuit has held that to find a debt nondischargeable due to fraud while acting in a fiduciary capacity, there must be evidence of the following three elements: "(1) a fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss." R. E. America, Inc. v. Garver (In re Garver), 116 F.3d 176, 178 (6th Cir. 1997). The Sixth Circuit also "construes the term 'fiduciary capacity' found in the defalcation provision of Section 523(a)(4) **more narrowly than the term is used in other circumstances**." Commonwealth Land Title Co. v. Blaszak (In re Blaszak), 397 F.3d 386, 391 (6th Cir.

---

[7] Defendant notes that Count VII of Plaintiffs' Complaint does not allege that any amounts owed by Defendant to Plaintiffs are for embezzlement or larceny (See Complaint, Docket No. 1, pages 11-12).

-14-

2005) (emphasis added). Section 523(a)(4) applie(s) to trustees who misappropriate funds held in trust, and "not to those who fail to meet an obligation under a common law fiduciary relationship." Although an ordinary agency-principal relationship can involve fiduciary duties, "an agent-principal relationship standing alone is insufficient to establish the type of fiduciary contemplated by §523."... "In sum... the defalcation provision of §523(a)(4) is limited to **only those situations including an express or technical trust relationship arising from placement of a specific res in the hands of the debtor**." Blaszak, supra, at p. 391 (emphasis added). See also, Cash American Financial Services v. Robert R. Fox (In re Fox), 370 B. R. 104, 114 (6th Cir. 2007).

To establish the existence of an express or technical trust, the following four requirements must be met: "(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." Blaszak, supra, at p. 391. The existence of an express trust requires a clearly defined trust res, an unambiguous trust relationship, and specific, affirmative duties undertaken by a trustee. Maloney v. Harte (In re Harte), 440 B.R. 133, 142 (Bankr. W. D. Mich. 2010), citing PaineWebber, Inc. v. Magisano (In re Magisano), 228 B.R. 187 (Bankr. S. D. Ohio 1998).

In Magisano, Magisano worked for PaineWebber as an account executive. During his employment, Magisano misrepresented to several banks that funds in a customer's accounts were far in excess of the funds actually on deposit, resulting in the banks extending loans to the customer. PaineWebber subsequently terminated Magisano; however, PaineWebber was sued for losses incurred by one of the banks resulting from the customer's defaults on the loans. PaineWebber sued Magisano and obtained a $330,000 judgment against him based, in part, upon breach of fiduciary duty. Magisano later filed for bankruptcy, and PaineWebber filed an action against him seeking to have its judgment determined non-dischargeable under various sections, including §523(a)(4).

The Magisano court discussed whether the judgment against Magisano should be excepted from discharge under §523(a)(4):

It is not enough to simply allege or prove the existence of an employee-employer relationship, or to prove that an implied fiduciary duty existed and was breached.

Case law in the Sixth Circuit uniformly recognizes a distinction between a common law fiduciary relationship, and the "fiduciary capacity" within which a debtor must be acting for a fraud or defalcation to be excepted from discharge under 11 U.S.C. § 523(a)(4). "The term 'fiduciary' **applies only to express or technical trusts** and does not extend to trusts which are imposed on transactions by operation of law as a matter of equity." (Omitted citation). **The definition of a fiduciary under §523(a)(4) is narrower than the traditional definition, and requires the existence of a technical or express trust** (omitted citations).

The Magisano court further noted:

The Minnesota District Court's order granting summary judgment to PaineWebber refers to breach of a fiduciary duty between Magisano and PaineWebber. However, **the type of fiduciary relationship subject to that decision was not defined. PaineWebber has neither alleged nor proven the existence of the type of fiduciary relationship required to invoke 11 U.S.C. §523(a)(4)**, and merely referring to the employee-employer relationship is insufficient[8]. Magisano, supra, pages 191-192 (emphasis added).

Plaintiffs' Complaint, paragraph 57, sets forth a bare allegation that "the debt owed by Defendant is for fraud or defalcation while acting in a fiduciary capacity." Plaintiffs do not allege that any express or technical trust had been established and that Defendant was a fiduciary of any such trust. Rather, in their Brief, Plaintiffs merely assert that the Judgment in favor of Plaintiffs "was awarded as a result of the Defendant's breach of his fiduciary duties."

Likewise, the jury instructions did not require the jury to find that an express or technical trust had been established. Defendant does note the use of the word "trustee" in Paragraph 3 of the fiduciary duty jury instruction. This clearly is a reference to a trustee of a trust which is imposed on transactions by operation of law as a matter of equity. However, even if this reference meant something else, it is more relevant that the jury instruction has three parts and each is separated by an "or." Thus, the jury did not need to find that Paragraph 3 was true in order to find that Defendant and/or Gale Korn owed a fiduciary duty. As such, it is impossible for this Court to determine that the jury necessarily found that

---

[8] The Magisano court also stated that a principal-agent relationship alone is insufficient to constitute a fiduciary relationship for purposes of §523(a)(4). See Magisano, supra, at p. 192.

there existed the type of fiduciary relationship required to invoke §523(a)(4). As such, Plaintiffs' request for summary judgment as to its claims under §523(a)(4) must be denied.[9]

Finally, to the extent that this Court were to determine that part of the Judgment was non-dischargeable under §523(a)(4), as this Court observed in the Opinion, it would be impossible to determine the amount of such non-dischargeable debt. On page 20 of the Opinion, this Court stated: "And the reason I could not [apply collateral estoppel to preclude re-litigation of the embezzlement claim under Section 523(a)(4) based on the State Court fraud judgment and fraud -- the jury verdict findings] is because it is impossible to tell from the jury verdict forms, the State Court judgment, or anything on the Michigan Court of Appeals opinion for that matter how much of the damages for fraud if any or for silent fraud were awarded, is damages for -- of the type that would constitute embezzlement, that is damages for the property that was entrusted to the defendants and appropriated by the defendants for use other than for which is it entrusted under circumstances which indicate fraud."[10] See also the rest of this Court's discussion on this topic on page 20 from lines 14-25 and page 21 from lines 1-13. The same analysis applies as to Defendant and provides another reason as to why the summary judgment request with respect to the Section 523(a)(4) claim must be denied.

IV. **Count VIII: 11 U.S. C. Section 523(a)(6)**

Bankruptcy Code Section 523(a)(6) provides for an exception from discharge for debts incurred by an individual debtor "for willful and malicious injury by the debtor to another entity or to the property of another entity." Nondischargeability under §523(a)(6) requires "a deliberate or intentional

---

[9] In addition, as discussed above, because the jury verdict form relating to Breach of Fiduciary Duty (Exhibit 2) also used the phrase "and/or," it is impossible to tell who the jury determined violated fiduciary duties owed to Plaintiffs and, for that reason also, Plaintiffs' request for summary judgment on its claims under §523(a)(4) must be denied.

[10] As set forth in footnote 7, Defendant also notes that the §523(a)(4) claim in the present Complaint is not even predicated upon embezzlement or larceny.

injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). As stated in Pixley II, supra at p. 865-866:

> In order to establish nondischargeability under §523(a)(6), a creditor must show an injury to person or property by the debtor that is both "willful" and "malicious." "[T]o find a 'willful' injury under §523(a)(6), [the court] must determine either (i) the actor desired the consequences of the act or (2) the actor believed that the given consequences of his act were substantially certain to result from the act." (Omitted citations). "Under §523(a)(6), "[m]alicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent."

A debt is discharged unless **both** willfulness and maliciousness are established. In re Markowitz, 190 F.3d 455, 463 (6th Cir. 1999). Willfulness requires proof that the actor desired to cause the injury or believed that the injury was substantially certain to result. Id. at p.464. Maliciousness requires an act done "in conscious disregard of one's duties or without just cause or excuse." Wheeler v. Laudani, 783 F.2d 610, 615 (6th Cir. 1986). Plaintiffs seek summary judgment under Count VIII of their Complaint on the basis that the Judgment determined that Defendant caused "willful and malicious injury" to Plaintiffs or to the property of Plaintiffs.

In their Brief, Plaintiffs allege that "Defendant certainly desired to cause the consequences of his acts and used the Plaintiffs as his personal piggy bank," and Defendant "made repeated false representations." The state court jury did not find, however, that Defendant "desired to cause the injury to the Plaintiffs," or that Defendant "believed that the injury was substantially certain to result." See jury verdict forms, Exhibit 2. In addition, the jury made no determination that **anyone** "desired to cause" Plaintiffs any injury or "believed that [any] injury was substantially certain to result." Accordingly, there was no state court determination on the element of "willfulness."

In the summary judgment motion filed against Shauna and Ashley, Plaintiffs argued that they were entitled to summary judgment under §523(a)(6) even though the complaint did not contain a §523(a)(6) claim. Nonetheless, this Court discussed the merits of such an argument and found that: "in my view the plaintiffs have not met their burden under Rule 56 of demonstrating that the - - all of the

requirements to establish non-dischargeability under §523(a)(6) were actually litigated and necessarily determined in the State Court action and reflected in the final judgment there." Opinion, Exhibit 4, pg. 22, lines 4-9. The result should be no different here; Plaintiffs say very little in support of their argument that they are entitled to summary judgment on their §523(a)(6) claim. In fact, the entire argument is on one page, page 19 of their Brief, and there is nothing whatsoever which Plaintiffs point to in the State Court action which supports a finding that the elements required under §523(a)(6) were actually litigated and necessarily determined in the State Court action.

In addition, although the jury found that "Sheldon Korn **and/or** Gale Korn owed a fiduciary duty to Defendants/Counter-Plaintiffs," and that "Sheldon Korn **and/or** Gale Korn breach[ed] **his/her/their** fiduciary duties to Defendants/Counter-Plaintiffs," it is impossible to tell from the verdict forms who, specifically, the jury determined owed duties to Plaintiffs, or who, specifically, breached any such duties. The jury verdict forms do not "clearly, definitely and unequivocally" reflect a finding that Defendant, personally, committed **any** wrongs. See Zachary, supra.

Plaintiffs must show that both willfulness and maliciousness were established in the State Court proceeding in order to prevail on their motion for summary judgment on Count VIII of their Complaint. See Markowitz, supra. Since there was no clear, definite and unequivocal determination by the jury that Defendant caused injury to Plaintiffs that was "willful" and "malicious," summary judgment on Plaintiffs' claims under §523(a)(6) must also be denied.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests the Court to deny the Motion.

Respectfully Submitted,

Jacob & Weingarten, P.C.

By: /s/ Howard S. Sher
    Howard S. Sher (P38337)
    Debra Beth Pevos (36196)
    Attorneys for Defendant
    2301 W. Big Beaver, Suite 777
    Troy, MI 48084
    (248) 649-1900, debra@jacobweingarten.com

Dated: October 20, 2014